UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NAUNIHAL SINGH BRAR,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondent.

Case No. 5:26-cv-05474-MCS-MAR

ORDER RE: FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, the Report and Recommendation of the United States Magistrate Judge, and the objections filed. The Court has conducted a de novo review of those portions of the Report and Recommendation to which Respondents objected. Having conducted a de novo review, the Court sustains Respondents' objections in part but otherwise accepts the Report and Recommendation.

The Magistrate Judge recommends that the Court enjoin Respondents "from re-detain[ing] Petitioner without providing at least seven (7) days' notice and a pre-deprivation bond hearing." (R. & R. 12, ECF No. 11.) Respondents object to this relief on the basis that "[i]t is a freestanding regulatory injunction against the Executive's future enforcement decisions," which "relief is unavailable in habeas." (Objs. 14, ECF No. 12.) Without endorsing the jurisdictional argument Respondents advance in

connection with this argument, the Court agrees that permanent injunctive relief concerning re-detention is not appropriate here. The prospect of unlawful re-detention is speculative and hypothetical, so permanent injunctive relief designed to address or avoid that prospective harm is inappropriate. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition"). Of course, due process may demand that Petitioner receive a pre-detention hearing before any re-detention, but the Court will limit the judgment here to the issues presented in this proceeding.

**IT IS THEREFORE ORDERED** that judgment be entered **GRANTING** the Petition and **ORDERING** Respondents to immediately release Petitioner **Naunihal Singh Brar (A# 206-035-216)** from custody subject only to conditions that were in place prior to his September detention. Respondents shall return any confiscated property and documents to Petitioner upon release.

Respondents shall file a Notice of Compliance within twenty-four hours.

Dated: November 9, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE